UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEVIN L. HAROLD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 1:13-cv-0173-TWP-DML |
| ) | |
| CHRISTOPHER C. STEEL, and ) | |
| PETERS & STEEL, LLC, ) | |
| ) | |
| Defendants. ) | |

## ENTRY ON MOTION TO DISMISS

This matter is before the Court on Defendants Christopher C. Steel ("Mr. Steel") and Peters & Steel, LLC's (collectively the "Defendants") Motion to Dismiss (Dkt. 28) seeking dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. Plaintiff, Kevin Harold ("Mr. Harold"), has brought suit against the Defendants alleging that they violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e ("FDCPA"), by pursuing a garnishment order that they had no right to pursue. Because Mr. Harold's claims are inextricably intertwined with the state court's garnishment order, the *Rooker-Feldman* doctrine prohibits this Court from exercising subject-matter jurisdiction over the claims. Thus, Defendants' Motion to Dismiss is **GRANTED**.

## I. BACKGROUND

For the purposes of a motion to dismiss, the Court must accept the Complaint's well-pleaded allegations as true and draw all favorable inferences for the plaintiff. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). On January 15, 1993, Mr. Harold entered into an agreed judgment in the amount of $1,057.00 plus costs in the Marion County Small Claims Court ("state court") in the case *Beech Grove Village Apartments v. Kevin L.*

*Harold*. Nearly twenty years later, on August 17, 2012, Mr. Steel, an attorney with the law firm of Peters & Steel, LLC, filed a Motion for Proceedings Supplemental in the state court to collect on the 1993 judgment. Defendants neither owned the judgment nor had authorization to collect on the judgment. On September 28, 2012, Mr. Steel falsely claimed to represent the current owner of Beech Grove Village Apartments and, on November 7, 2012, following a hearing, the state court issued a garnishment order to Mr. Harold's employer. Mr. Harold contested the garnishment order in proceedings supplemental and on December 7, 2012, the parties appeared for a hearing where once again, Mr. Steel made false statements. On December 13, 2012, the state court denied Mr. Harold's motion requesting the case be dismissed because Defendants did not own the debt. Ultimately, the state court ordered that the Garnishment Order continue in force. As a result of Mr. Steel's improper pursuit of this judgment, Mr. Harold's employer garnished $575.80 of his wages.

Mr. Harold brings the instant action, arguing the Defendants' pursuit of the debt involved multiple violations of the FDCPA, which generally prohibits the use of false, deceptive or misleading representations in connection with the collection of a debt. Defendants seek dismissal for lack of subject-matter jurisdiction.

## II.     LEGAL STANDARD

A 12(b)(1) motion "asks the court to dismiss an action over which it allegedly lacks subject matter jurisdiction." *McGreal v. AT & T Corp.*, 892 F. Supp. 2d 996, 1004 (N.D. Ill. 2012) (citing Fed. R. Civ. P. 12(b)(1)). The Court must accept the Complaint's well-pleaded allegations as true and draw all favorable inferences for the plaintiff. *Killingsworth*, 507 F.3d at 618. Additionally, the Court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in

fact subject matter jurisdiction exists." *Id*. at 554 (quoting *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993) (per curiam)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## III. **DISCUSSION**

### A. The *Rooker-Feldman* doctrine

Defendants seek dismissal of Mr. Harold's claims because under the *Rooker-Feldman* doctrine, the district court lacks subject matter jurisdiction. The *Rooker-Feldman* doctrine precludes review of state-court judgments in lower federal courts, because such courts lack subject-matter jurisdiction. *Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600, 603 (7th Cir. 2008) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462 (1983)). Simply stated, the doctrine deprives federal courts of subject matter jurisdiction where a party, dissatisfied with a result in state court, sues in federal court seeking to set aside the state-court judgment and requesting a remedy for an injury caused by that judgment. *See Kelley*, 548 F.3d at 604. The *Rooker-Feldman* doctrine "will not prevent a losing litigant from presenting an independent claim to a district court." *Kelley*, 548 F.3d at 603. But, the doctrine does apply "to claims that are inextricably intertwined with state-court determinations." *Id*. Moreover, *Rooker-Feldman* only applies to "situations in which the state court's decision is the source of the harm that the federal suit is designed to redress." *Simmons v. Gillespie*, 712 F.3d 1041, 1043 (7th Cir. 2013). "Where a plaintiff alleges that the defendant committed a fraud on the state court during the underlying litigation, *Rooker-Feldman* bars the federal district court from reaching the merits of the case." *Id*. (citing *Dye v. Ameriquest Mort. Co.*, 289 F. App'x 941 (7th Cir. 2008)).

**B. The Court lacks jurisdiction over Mr. Harold's claims**

The *Rooker-Feldman* doctrine, as applied in the Seventh Circuit, denies subject matter jurisdiction to this Court because Mr. Harold's claims are inextricably intertwined with the state court's garnishment order. Mr. Harold claims that the *Rooker-Feldman* doctrine should not apply in this case because the underlying state court decision is a garnishment order. In support, he cites Ind. Small Claims Rule 11, which awards costs to a party recovering judgment. Because the garnishment order does not award costs, he argues that this is not a judgment. However, he cites no cases in support of this interpretation. On the contrary, courts have repeatedly considered garnishment orders to fall under the doctrine. *See, e.g.*, *Trimble v. U.S. Soc. Sec.*, 369 Fed. Appx. 27, 31 (11th Cir. 2010); *Stefanski v. McDermott*, No. 1:08-CV-00123, 2009 WL 418254 (N.D. Ind. Feb. 17, 2009). Thus, the *Rooker-Feldman* doctrine is applicable to the challenged order.

In addition to arguing that the garnishment order is not a judgment, Mr. Harold argues that his case is distinguishable because Defendants' alleged misrepresentations were FDCPA violations at the time they were made rather than at the issuance of the order. Mr. Harold argues that his case is similar to *Long v. Shorebank Dev. Corp*, 182 F.3d 548 (7th Cir. 1999). In *Long*, the Seventh Circuit determined that because the plaintiff's claim was based upon false representations made prior to the initiation of the state court action by the defendant, there was an independent basis for her federal court claim that did not run afoul of the *Rooker-Feldman* doctrine. *Id.* at 555-56.

However, Mr. Harold's FDCPA claims are not comparable to the plaintiff's claims in *Long*. Mr. Harold is pursuing a FDCPA claim in federal court based on allegedly fraudulent representations made to the state court in the course of the garnishment proceedings. Unlike in

*Long*, the Defendants here alleged FDCPA violations were not complete prior to institution of Defendants' action in state court. In fact, Mr. Harold does not allege any misrepresentations other than those contained in the state court filings. Therefore, Mr. Harold's federal claim does not allege a prior injury independent of the garnishment action that the state court failed to remedy. Instead, the substance of his claim is that his injury resulted from the state court judgment itself, as the alleged misrepresentation directly impacted the state court's finding that the judgment was proper. Because Mr. Harold alleges that Defendants committed a fraud on the state court during the underlying litigation, *Rooker-Feldman* bars this Court from reaching the merits of the case because it lacks subject matter jurisdiction. *See Davis*, 2011 WL 837048, at *3.

Finally, Mr. Harold argues that the *Rooker-Feldman* doctrine does not apply to the instant case because he could not have brought his FDCPA claim in the small claims court case in 2012. It is clear from the record that Mr. Harold had, and took advantage of, the opportunity to dispute the proper ownership of the debt and Defendants' right to collect it before the state court. Any inability to raise his specific FDCPA claims at the state court will not bar application of the *Rooker-Feldman* doctrine at this stage. "[R]egardless of the opportunity that [he] had to raise a claim in state court, [the plaintiff] must appeal through the state court system and then seek review in the United States Supreme Court by filing a writ of certiorari." *Kelley*, 548 F.3d at 607.

## IV.     CONCLUSION

Because Mr. Harold's claims are inextricably intertwined with the state court's garnishment order, the *Rooker-Feldman* doctrine prohibits this Court from exercising subject

matter jurisdiction over the claims. Thus, Defendants' Motion to Dismiss (Dkt. 28), is **GRANTED**, and Mr. Harold's claims are **DISMISSED with prejudice**.

**SO ORDERED.**

Date: 03/31/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Robert E. Duff
INDIANA CONSUMER LAW GROUP
robert@robertdufflaw.com

Nicholas Ward Levi
KIGHTLINGER & GRAY
nlevi@k-glaw.com

Peter A. Velde
KIGHTLINGER & GRAY
pvelde@k-glaw.com